UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Teressa A. Carter,
    Plaintiff

    v.                                        Case No. 10-cv-406-SM

Michael J. Astrue, Commissioner,
Social Security Administration,
    Defendant

**O R D E R**

Defendant's motion to dismiss on grounds that the appeal was not timely filed (doc. no. 5) is necessarily granted.

Claimant filed this action, seeking judicial review of the Commissioner's denial of her application for social security disability benefits. She was one day late. Her counsel simply miscounted the number of days remaining in the prescribed filing period. But this is not one of those "rare cases" warranting equitable tolling of the applicable sixty-day limitations period, at least not by the court. Bowen v. City of New York, 476 U.S. 467, 481 (1986); see also Wilmot v. Astrue, Case No. 07-11322-GA), 2007 WL 4200842, at *2 (D. Mass. Nov. 27, 2007)(lawyer error "cannot justify tolling" the sixty-day limitation period); Manchester v. Barnhart, Case No. 04-cv-476-PB, 2005 WL 2467686, at **2-3 (D.N.H. Oct. 06, 2005)(held, where civil action for review of Commissioner's denial of benefits was filed six days

after limitations period expired, equitable tolling not warranted under the circumstances).

The case is dismissed, but without prejudice.  By letter dated December 9, 2010, claimant asked the Commissioner to exercise his own discretion to equitably toll the limitations period for the one day necessary to permit review.  The Commissioner's discretion to equitably toll the period is broader than the court's and, should that discretion be exercised in claimant's favor, this action may be re-filed.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 24, 2011

cc: Janine Gawryl, Esq.
    T. David Plourde, Esq.